# Exhibit A

monthly payments under the Loan, and (5) will subordinate the lien of the Mortgage to the lien of the New First Mortgage, (collectively, the "Material Terms"); now, therefore,

*Be It Ordained by the City Council of the City of Chicago:*

SECTION 1. The above recitals are expressly incorporated in and made a part of this ordinance as though fully set forth herein.

SECTION 2. The First Restructuring is hereby ratified, confirmed and approved. The Second Restructuring is hereby approved as described above.  The Commissioner of DPD (the "Commissioner") or a designee of the Commissioner (each, an "Authorized Officer") are each hereby authorized, subject to approval by the Corporation Counsel, to enter into and execute such agreements and instruments, and perform any and all acts as shall be necessary or advisable, in connection with the implementation of the Second Restructuring. Each Authorized Officer is hereby authorized, subject to approval by the Corporation Counsel, to enter into and execute such agreements and instruments, and perform any and all acts as shall be necessary or advisable in connection with any future restructuring of the Loan which does not substantially modify the Material Terms.

SECTION 3.  Notwithstanding anything to the contrary contained in the Municipal Code of Chicago (the "Municipal Code") or any other ordinance or mayoral executive order, no parties other than the owners of the Property as of the date following the date of the closing of the Second Restructuring (collectively, the "Owner"), any legal entities which are direct owners in excess of 7.5 percent of the Owner which changed in connection with the Second Restructuring, and all legal entities who constitute the direct or indirect controlling parties of the Owner (as determined by the Corporation Counsel), shall be required to provide to the City the document commonly known as the "Economic Disclosure Statement and Affidavit" (or any successor to such document) in connection with the Second Restructuring.

SECTION 4.  To the extent that any ordinance, resolution, rule, order or provision of the Municipal Code, or part thereof, is in conflict with the provisions of this ordinance, the provisions of this ordinance shall control. If any section, paragraph, clause or provision of this ordinance shall be held invalid, the invalidity of such section, paragraph, clause or provision shall not affect any of the other provisions of this ordinance.

SECTION 5.  This ordinance shall be effective as of the date of its passage and approval.

———————

ESTABLISHMENT OF REPARATIONS FUND FOR BURGE TORTURE VICTIMS.
[SO2015-2687]

The Committee on Finance submitted the following report:

CHICAGO, May 6, 2015.

*To the President and Members of the City Council:*

Your Committee on Finance, having had under consideration an amended ordinance establishing the Reparations Fund for Burge torture victims, having had the same under advisement, begs leave to report and recommend that Your Honorable Body *Pass* the proposed amended ordinance transmitted herewith.

This recommendation was concurred in by a viva voce vote of the members of the committee, with no dissenting vote.

Respectfully submitted,

(Signed)　　EDWARD M. BURKE,
　　　　　　　　　　　　　　　*Chairman.*

On motion of Alderman Burke, the said proposed amended ordinance transmitted with the foregoing committee report was *Passed* by yeas and nays as follows:

*Yeas* -- Aldermen Moreno, Fioretti, Dowell, Burns, Hairston, Sawyer, Holmes, Harris, Pope, Balcer, Cárdenas, Quinn, Burke, Foulkes, Thomas, O'Shea, Cochran, Brookins, Muñoz, Zalewski, Solis, Maldonado, Burnett, Ervin, Graham, Reboyras, Suarez, Waguespack, Mell, Austin, Colón, Sposato, Mitts, Cullerton, Laurino, P. O'Connor, M. O'Connor, Reilly, Smith, Tunney, Arena, Cappleman, Osterman, Moore, Silverstein -- 45.

*Nays* -- None.

Alderman Pope moved to reconsider the foregoing vote.  The motion was lost.

The following is said ordinance as passed:

*Be It Ordained by the City Council of the City of Chicago:*

SECTION 1.  Title.

This ordinance shall be known as the "Reparations for Burge Torture Victims" Ordinance.

SECTION 2.  Definitions.

As used in this ordinance, the following definitions shall apply:

"Burge victim" or "victim" means any individual with a credible claim of torture or physical abuse by Jon Burge or one of the officers under his command at Area 2 or Area 3 Police Headquarters between May 1, 1972 and November 30,1991.

"Credible claim" means a credible claim of torture or physical abuse by Jon Burge or one of the officers under his command at Area 2 or Area 3 Police Headquarters between May 1,1972 and November 30,1991.

"CTJM" means the Chicago Torture Justice Memorials organization.

"Fund" means the Reparations Fund for Burge Torture Victims established by this ordinance.

SECTION 3.  Reparations -- Substantive Provisions.

(a)  Fund Established Per Capita Amount. The City of Chicago shall establish a Fund of $5.5 Million, which shall be known as the Reparations Fund tor Burge Torture Victims. Each individual with a credible claim, which shall be determined using the criteria set forth in subsection (b), shall receive no more than One Hundred Thousand and no/100 Dollars ($100,000.00) in financial reparations, which shall be paid from such Fund. Provided, however, that if an individual with a credible claim has already received compensation (such as by settlement of his or her claim(s) arising out of the torture or physical abuse), such individual shall receive up to One Hundred Thousand and no/100 Dollars ($100,000.00), minus the amount of the prior compensation. Provided further, that if the Fund is insufficient to pay each individual with a credible claim One Hundred Thousand and no/100 Dollars ($100,000.00) (less any prior compensation), eligible claimants will receive a proportionate share of the Fund. Proportionate shares shall be determined by dividing the total amount in the Fund by the total number of eligible claims (with each claim that was reduced by any prior compensation counted as a fraction of a claim, the numerator of which is the amount of the reduced claim and the denominator of which is One Hundred Thousand and no/100 Dollars ($100,000.00)). Payments from the Fund shall commence after all eligible claims have been determined.

(b)  Eligibility For Financial Reparations. Except as otherwise provided in paragraph (2) of subsection (f), any Burge victim is eligible for financial reparations. Criteria to be considered when determining whether a claim is a credible claim include:  (1) when and under what circumstances the claim of torture or physical abuse was first made or reported to someone, (2) the consistency of the claim over time, and (3) any credible affirmative proof rebutting the claim; provided, however, that denials by Jon Burge or other officers who have invoked the Fifth Amendment in response to questions about police torture or physical abuse shall not be considered affirmative rebuttal proof. Using these criteria, if an individual is deemed to have a credible claim, he or she shall be entitled to financial reparations in the manner provided in this ordinance.  The nature and severity of the torture or physical abuse and the claimant's guilt or innocence of the underlying crime shall not be considered when determining either eligibility for or the amount of financial reparations.

(c)  Deceased Victims.  The heirs or estate of a deceased Burge victim shall not be eligible for financial reparations from the Fund.

(d) Process For Determining Eligibility For Reparations. Within 45 days of the effective date of this ordinance, CTJM will provide the City with a list of individuals whom CTJM has determined: (1) are eligible Burge victims, and (2) wish to apply for financial reparations. Within 45 days of receiving CTJM's list, and after consultation with CTJM attorneys, the City will specify the individuals on CTJM's list whom the City agrees have a credible claim. Those individuals whom both CTJM and the City agree have a credible claim shall be entitled to financial reparations from the Fund.

(e) Dispute Resolution. If CTJM and the City do not agree that an individual on CTJM's list has a credible claim, such individual is entitled to seek review of the matter before an independent third party arbitrator ("arbitrator") agreed upon by CTJM and the City. Proceedings before the Arbitrator shall be informal, non-adversarial, and expedited. The City, CTJM and the claimant and/or the claimant's chosen representative each shall have an opportunity to briefly state why they contend the claimant is or is not eligible for financial reparations, applying the criteria set forth in subsection (b), and to present documentary evidence in support of his or her claim. The Arbitrator shall promptly decide whether the claimant has a credible claim, and the arbitrator's decision shall be final and binding. The City and CTJM shall work together to identify an Arbitrator willing to perform these services pro bono.

(f) (1) Notice. Except as otherwise provided in paragraph (2) of this subsection (f), notice of the financial reparations provided for by this ordinance shall be posted on the City of Chicago's website for a 30-day period commencing on the effective date of this ordinance. Burge victims shall be given 60 days thereafter to file a claim, in the manner provided for in the claim form required under this subsection (f)(1), requesting financial reparations.

Claims shall be made on a claim form to be agreed upon by the City and CTJM and posted on the City's website. At a minimum, the claimant shall be required to provide:  (i) his or her name and contact information; (ii) the details of the alleged torture or physical abuse, including the date, location, and nature of the torture or physical abuse; (iii) the names of the individual(s), if known, who committed the torture or physical abuse; (iv) any documentary evidence supporting the claim of torture or physical abuse, including evidence that reveals when the claim was first made; and (v) if the claim of torture or physical abuse is being made for the first time, an explanation for the delay in making such claim.

(2) Compliance Contingency. The City's legal obligation to comply with paragraph (1) of this subsection (f) is contingent upon CTJM identifying an independent third party, who is willing to work pro bono, to determine whether any claimants not previously identified by CTJM as Burge victims are eligible to receive financial reparations using the criteria set forth in this ordinance. A determination by such independent third party that a claimant is not eligible for financial reparations under this ordinance shall be final and binding. A determination by such independent third party that a claimant is eligible for financial reparations under this ordinance shall be subject to review by CTJM and by the City. If

5/6/2015 REPORTS OF COMMITTEES 107717

CTJM and the City do not agree that a claimant has a credible claim of torture or physical abuse, the dispute resolution process set forth in subsection (e) of this ordinance shall apply.

(g) Waiver. As a precondition to receiving financial reparations, all eligible claimants shall sign a written waiver and release of any future claims, losses, damages, or expenses, including attorneys' fees and costs, in any way arising out of or relating to the alleged torture or physical abuse.

(h) Reversion Of Fund Monies To The City. Payment of financial reparations provided for in this ordinance shall not exceed $5.5 million. In the event that any monies remain in the Fund after all individuals with a credible claim have received reparations as provided for in this ordinance, such remaining monies shall revert to the corporate fund of the City.

SECTION 4. This ordinance shall take full force and effect upon its passage and approval.

———————

APOLOGY EXTENDED TO BURGE VICTIMS AND FAMILY MEMBERS.
[SR2015-256]

The Committee on Finance submitted the following report:

CHICAGO, May 6, 2015.

*To the President and Members of the City Council:*

Your Committee on Finance, having had under consideration a substitute resolution concerning reparations for Burge torture victims, having had the same under advisement, begs leave to report and recommend that Your Honorable Body *Adopt* the proposed substitute resolution transmitted herewith.

This recommendation was concurred in by a viva voce vote of the members of the committee, with no dissenting vote.

Respectfully submitted,

(Signed) EDWARD M. BURKE,
*Chairman.*

On motion of Alderman Burke, the said proposed substitute resolution transmitted with the foregoing committee report was *Adopted* by yeas and nays as follows:

*Yeas* -- Aldermen Moreno, Fioretti, Dowell, Burns, Hairston, Sawyer, Holmes, Harris, Pope, Balcer, Cárdenas, Quinn, Burke, Foulkes, Thomas, O'Shea, Cochran, Brookins, Muñoz, Zalewski, Solis, Maldonado, Burnett, Ervin, Graham, Reboyras, Suarez, Waguespack, Mell, Austin, Colón, Sposato, Mitts, Cullerton, Laurino, P. O'Connor, M. O'Connor, Reilly, Smith, Tunney, Arena, Cappleman, Osterman, Moore, Silverstein -- 45.

*Nays* -- None.

Alderman Pope moved to reconsider the foregoing vote.  The motion was lost.

The following is said resolution as adopted:


WHEREAS, In a career spanning more than 20 years, Jon Burge rose to the rank of Commander in the Chicago Police Department before he was fired in 1993 for torturing a confession from a murder suspect.  More than 100 African-Americans who were detained by the Chicago Police Department between 1972 and 1991 have accused Burge or police officers working under his command of engaging in acts of torture and physical abuse.  In 2010, Burge was convicted on charges of perjury and obstruction of justice for falsely denying that he and detectives under his command had engaged in torture and abuse and that he was aware of this torture and physical abuse of suspects; and

WHEREAS, The City Council wishes to acknowledge this exceedingly sad and painful chapter in Chicago's history, and to formally express its profound regret for any and all shameful treatment of our fellow citizens that occurred; and

WHEREAS, The City Council recognizes that words alone cannot adequately convey the deep regret and remorse that we and our fellow citizens feel for any and all harm that was inflicted by Burge and the officers under his command.  And yet, words do matter. For only words can end the silence about wrongs that were committed and injustices that were perpetrated, and enable us, as a City, to take the steps necessary to ensure that similar acts never again occur in Chicago; and

WHEREAS, The apology we make today is offered with the hope that it will open a new chapter in the history of our great City, a chapter marked by healing and an ongoing process of reconciliation; and

WHEREAS, Just as a wrongful act followed by an apology, forgiveness and redemption is part of the shared human experience, so too is the widely held belief that actions speak louder than words; and

WHEREAS, For this reason, the City of Chicago wishes, in some tangible way, to redress any and all harm that was suffered at the hands of Jon Burge or his subordinates by extending to those individuals who have a credible claim of torture or physical abuse ("Burge victims") and to the members of their immediate family, and, in some cases, to their grandchildren, a variety of benefits. These benefits will include, among other things, free tuition at the City Colleges of Chicago and free access to the specialized job training and certification programs offered there; specialized psychological, family, substance abuse and other counseling services at a convenient South Side location that will be based on the model of services provided by the Marjorie Kovler Center of the Heartland Alliance; job placement in programs offered by the City and its sister agencies for formerly incarcerated individuals; and prioritized access to applicable support services and programs currently offered by city departments. The City-provided services and programs to which Burge victims will receive prioritized access may include workplace re-entry support and job training and placement, counseling, assistance for food, housing and transportation, one-on-one case management at Community Re-Entry Support Centers and Community Service Centers, and access to senior care services and resources provided by the Department of Family and Support Services; health services programs coordinated by the Department of Public Health; and small business assistance programs administered by the Department of Business Affairs and Consumer Protection; and

WHEREAS, Because education about the transgressions of the past is essential to laying claim to a future that is free of racism, discrimination, inequality and cruelty, the City of Chicago plans to work with Chicago Torture Justice Memorials, an advocacy organization committed to honoring and seeking justice for survivors of Chicago police violence, to construct a permanent memorial to the Burge victims; and, beginning in the 2015 -- 2016 school year, the Chicago Public Schools will incorporate into its existing U.S. History curriculum for eighth-grade and tenth-grade students a lesson about the Burge case and its legacy; and

WHEREAS, It is the sincere hope of this great City that the process of repair, renewal and reconciliation that we affirm today will help to restore the trust of all Chicagoans in the decency and fairness of their municipal and county governments, including their law enforcement agencies; now, therefore,

*Be It Resolved*, That we, the Mayor and members of the City Council of the City of Chicago, on behalf of all Chicagoans:

(1)  acknowledge and condemn, as evil and reprehensible, any and all acts of torture and abuse inflicted upon the Burge victims; and

(2)  apologize to the Burge victims for these horrific and inexcusable acts; and

(3)  express our most solemn regrets to the families of the Burge victims for any and all harm that they suffered as a consequence of the ordeal that their loved ones were subjected to; and

107720                    JOURNAL--CITY COUNCIL--CHICAGO                    5/6/2015

(4)   remember these past events, to ensure that this sad chapter in our City's history is never forgotten; and

(5)   reaffirm our City's commitment to righting the wrongs of the past, and in so doing, reassure Chicago's residents that such wrongs will not be repeated in the future; and

*Be It Further Resolved*, That a suitable copy of this resolution be presented to Chicago Torture Justice Memorials, as a sign of our respect for their work and of our concern about this important matter.

----

SETTLEMENT AGREEMENT REGARDING CASE OF *JANE DOE V. CHICAGO POLICE OFFICER PAUL CLAVIJO, CHICAGO POLICE OFFICER JUAN VASQUEZ AND CITY OF CHICAGO.*

[Or2015-271]

The Committee on Finance submitted the following report:

CHICAGO, May 6, 2015.

*To the President and Members of the City Council:*

Your Committee on Finance, having had under consideration an order authorizing the Corporation Counsel to enter into and execute a settlement order for the following case: *Jane Doe v. Chicago Police Officer Paul Clavijo, Chicago Police Officer Juan Vasquez and the City of Chicago*, cited as 11 C 3502, in the amount of: $415,000, having had the same under advisement, begs leave to report and recommend that Your Honorable Body *Pass* the proposed order transmitted herewith.

This recommendation was concurred in by a viva voce vote of the members of the committee, with no dissenting vote.

Respectfully submitted,

(Signed)   EDWARD M. BURKE,
                      *Chairman.*